IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

Plaintiff, No. 2:10-cv-1441 GEB KJN P

vs.

S. LAROSA, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_________________________________/

Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for injunctive relief is before the court.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 2010 WL 3665149, at * 5 (9th Cir. Sept. 22, 2010) "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply

toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff is housed at Mule Creek State Prison and sues defendants who are employed at Mule Creek State Prison. In his amended complaint, plaintiff alleges, inter alia, that defendants have retaliated against him for filing inmate appeals and grievances. (Dkt No. 12.) Plaintiff has moved to block a potential transfer from Mule Creek State Prison, claiming that he has talked to two other inmates who were transferred in retaliation for their filing lawsuits against Mule Creek State Prison employees. (Dkt. No. 18 at 2.) Plaintiff states defendants had not yet been served with process at the time of his last classification hearing, but that it is just a matter of time before he is transferred because he has two complaints pending in court. (Id.) Plaintiff has provided declarations by three other inmates who have allegedly witnessed inmates being transferred as a result of filing grievances/complaints against Mule Creek prison officials. (Id. at 4.) Plaintiff argues his request is not premature but would prevent the likelihood of retaliation, in the form of a prison transfer, to occur. (Id.)

Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). "Prison officials [may not] transfer an inmate to another prison in retaliation for the inmate's exercise of his First Amendment right to pursue federal civil rights litigation." Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). However, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Rather, a presently existing

actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, supra, 844 F.2d at 674.

Plaintiff has failed to demonstrate defendants or other prison officials are aware of the instant action. The U.S. Marshal was directed to serve process by order filed November 10, 2010. Moreover, plaintiff's belief that he faces imminent transfer based on other inmates' beliefs they were transferred for retaliation is speculation. Just because two other inmates believe they were transferred in retaliation does not prove their transfer was based on retaliation or demonstrate plaintiff faces the same fate. Plaintiff concedes there was no threat of retaliation in his last classification hearings, and has failed to identify any facts that suggest he is facing imminent transfer in retaliation for the filing of the instant complaint.

Injunctive relief should be granted "'sparingly, and only in a clear and plain case.'" Rizzo v. Goode, 423 U.S. 362, 378 (1976) (quoted case omitted). The mere possibility that plaintiff will be transferred to another institution is insufficient to support an injunctive relief request. Pratt, 65 F.3d at 802 (holding that Pratt failed to establish that his transfer was effected for retaliatory reasons, and was not justified by neutral institutional objectives.) Moreover, the Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. See Turner v. Safley, 482 U.S. 78 (1987). Because placement of inmates in particular facilities is often a matter of security, and plaintiff has asserted only speculative grounds to support his claim of future retaliation, the court declines to recommend an order prohibiting plaintiff's transfer to another institution. Accordingly, the court recommends that plaintiff's motion for injunctive relief be denied.

////

IT IS HEREBY RECOMMENDED that plaintiff's November 8, 2010 motion for preliminary injunction (Dkt. No. 18) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dixo1441.pi