IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

        Plaintiff,                    No. 2:10-cv-1441 GEB KJN P

    vs.

S. LAROSA, et al.,

        Defendants.            ORDER

_____/

        Plaintiff, a state prisoner proceeding without counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  On January 7, 2011, plaintiff filed a motion for consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Plaintiff asks this court to consolidate Case No. 2:08-cv-1546 LDG with the instant action.  First, plaintiff complains that the second case has moved quicker than the first case, which he alleges "the visiting judge seemingly has problem with the action in Case No. CIV-S-08-1546 LDG, based on considerable delays in processing said action."  (Dkt. No. 23 at 5.)  Second, plaintiff argues that two defendants, Martel and Knipp, are named in both actions.  Third, plaintiff contends both actions allege First Amendment retaliation claims against a total of 19 Mule Creek State Prison officials.

////

Rule 42(a) provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

> Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependant on party approval. In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. The court will consider consolidation if appropriate cases are filed by the persons who sought to join this action.

Loehr v. Scott, 2010 WL 2595302 at *1 (D.Nev. 2010) (internal citations and quotations omitted).

Court records[1] reflect that although the U.S. Marshal has been directed to serve defendants in both the instant action and 2:08-cv-1546 LDG, there is no filing on the dockets demonstrating that any named defendant has yet been served, nor is there a responsive pleading for any defendant on either docket. In 2:08-cv-1546 LDG, the court ordered service of process on six defendants; in the instant action, the court ordered service of process on thirteen defendants.

In the 2008 action, plaintiff filed a 52 page amended complaint alleging violations beginning on October 10, 2007. In the instant action, plaintiff filed a 31 page amended

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

complaint alleging violations that began on August 17, 2009.

Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Here, although both actions raise allegations of retaliation, they address different time frames and different defendants, with the exception of two of the 19 named defendants. Given the different time frames and the large number of defendants, as well as the complex nature of retaliation claims, no judicial economy would be served by consolidating these actions, nor would consolidation result in an effective administration of justice. Moreover, plaintiff is cautioned that his disagreement with the manner in which 2:08-cv-1546 LDG is being handled is not a legitimate reason for consolidating these cases. Such an effort to proceed with a judge plaintiff views as more efficient may constitute a form of judge-shopping, which is "conduct which abuses the judicial process." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Such conduct can result in the imposition of sanctions, including a recommendation that this action be dismissed. Hernandez, 138 F.3d at 398.

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 7, 2011 motion is denied. (Dkt. No. 23.)

DATED: January 11, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dixo1441.con