IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

      Plaintiff,                No. 2:10-cv-1441 GEB KJN P

   vs.

S. LAROSA, et al.,

      Defendants.       <u>ORDER</u>

_____/

      Plaintiff has filed a request for reconsideration of this court's order filed January 18, 2011, denying plaintiff's motion for preliminary injunction.

Standards For Motions To Reconsider

      Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly

1  erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
2  391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.
3  denied, 475 U.S. 1064 (1986).

4         Courts construing Federal Rule of Civil Procedure 59(e), providing for the
5  alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle
6  permitting the unsuccessful party to "rehash" arguments previously presented, or to present
7  "contentions which might have been raised prior to the challenged judgment." Costello v. United
8  States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268
9  (7th Cir. 1986). These holdings "reflect[] district courts' concerns for preserving dwindling
10 resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

11        In the instant action, plaintiff alleges new facts have developed that warrant the
12 reconsideration of the court's January 18, 2011 order denying plaintiff's motion for preliminary
13 injunction. Plaintiff states he attended a classification hearing on February 11, 2011, during
14 which he was informed that he is not a security risk, and "[o]nly because Sacramento
15 Headquarters) asked for more inmate bodies to fill the vacancy at Ironwood State Prison,
16 [plaintiff] is now convenient for transfer." (Dkt. No. 33 at 4.) Plaintiff states that other, "less
17 attractive [programming]" inmates are not being transferred, which plaintiff claims "begs the
18 question then why am I being transferred." (Dkt. No. 33 at 4.) Plaintiff also contends that access
19 to the law library at Ironwood State Prison is a concern because Ironwood goes on lockdown
20 more frequently than MCSP. (Id.)

21        As noted in the December 2, 2010 findings and recommendations, plaintiff does
22 not have a constitutional right to be housed at a particular facility or institution. (Dkt. No. 21 at
23 2.) Plaintiff has provided new evidence that demonstrates the CDCR needs to transfer more
24 prisoners to Ironwood State Prison. Plaintiff has provided no new evidence that his transfer is
25 based on retaliation for plaintiff filing the instant action.

26

1         Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's
2 order of January 18, 2011 is affirmed.

3 Dated: February 25, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge