IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

      Plaintiff,                    No. 2:10-cv-1441 GEB KJN P

    vs.

S. LAROSA, et al.,

      Defendants.            <u>ORDER</u>

                           /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On August 31, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff filed objections to the findings and recommendations.[1]

---

[1] The magistrate judge recommended that plaintiff's supplemental state law claims that defendants failed to follow Title 15 regulations be dismissed. (Dkt. No. 60 at 30.) Plaintiff argues that he should be permitted to pursue these state law claims inasmuch as he timely filed his tort claim with the Victims Compensation and Government Claims Board. Plaintiff relies on State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 13 Cal.Rptr.3d 534 (2004) (presentation of a written claim and action on, or rejection of, the claim are conditions

1

1   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

2   304, this court has conducted a de novo review of this case. Having carefully reviewed the entire

3   file, the court finds the findings and recommendations to be supported by the record and by

4   proper analysis.

5   Accordingly, IT IS HEREBY ORDERED that:

6   1. The findings and recommendations filed August 31, 2011, are adopted in full;

7   2. The March 8, 2011 motion to dismiss (dkt. no. 38), based on plaintiff's failure

8   to exhaust administrative remedies, filed by defendants Knipp, White, Crosby, Martel,

9   Thomason, Grzebyk, Texeira, Foston, Harrington and Keenan, is granted;

10   3. Defendant Wilkins' April 7, 2011 motion to dismiss (dkt. no. 45), based on

11   plaintiff's failure to exhaust administrative remedies, is granted;

12   4. The motion to dismiss for failure to state a claim filed by defendants Foston,

13   Knipp and Thomason is granted;

14   5. The motion to dismiss plaintiff's due process claims against defendants

15   Foston, Knipp and Thomason is granted;

---

precedent to suit), and Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (same), cited in Chappell v. Newbarth, 2009 WL 1211372, *9 (E.D. Cal. 2009). (Dkt. No. 67 at 10.) However, plaintiff provides no legal authority for the proposition that Title 15 of the California Code of Regulations, which governs the conduct of prison employees, provides a cause of action under California State law. Indeed, in Chappell, the court stated:

> The existence of regulations such as these governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations. The Court has found no authority to support a finding that there is an implied private right of action under Title 15 and Plaintiff has provided none. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff is unable to state any cognizable claims upon which relief may be granted based on the violation of Title 15 regulations. All such claims are properly dismissed.

Id., at *9.

6. The motion to dismiss plaintiff's Eighth Amendment challenge to the September 16, 2009 cell search is granted;

7. Defendants' motion to dismiss plaintiff's claims four and five concerning defendants' failure to follow state regulations is granted;

8. Plaintiff's claim against defendant Keenan in connection with the September 16, 2009 cell search is dismissed, based on plaintiff's failure to state a cognizable civil rights claim; and

9. Defendant LaRosa is directed to file an answer within fourteen days.

Dated: December 22, 2011

GARLAND E. BURRELL, JR.
United States District Judge