1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DANIEL STEVE DIXON,

11          Plaintiff,                    No. 2:10-cv-1441 GEB KJN P

12      vs.

13  S. LAROSA, et al.,                    ORDER AND REVISED

14          Defendants.                   SCHEDULING ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding in forma pauperis.  Multiple motions are

17  presently pending, which the court will address seriatim.

18  I.  Background

19          By order filed December 23, 2011, defendants' motion to dismiss was granted as

20  to all claims and all defendants, with the exception of plaintiff's allegation that defendant LaRosa

21  retaliated against plaintiff for filing grievance MCSP-09-01626, by searching and allegedly

22  "trashing" plaintiff's cell on September 16, 2009.  (Dkt. Nos 73; 60 at 12-16.)  The court

23  dismissed plaintiff's allegations that Gamez, Keenan, Grzebyk, Crosby also retaliated against

24  plaintiff based on plaintiff's failure to first exhaust administrative remedies.  (Dkt. No. 60 at 21.)

25  Thus, the sole issue remaining is whether defendant LaRosa's September 16, 2009 search of

26  plaintiff's cell was performed in retaliation for plaintiff's grievance regarding double-celling.

1

1  II.  Depositions by Written Questions

2  Plaintiff seeks leave to take depositions upon written questions of non-party

3  witnesses Correctional Sergeant V. Gamez, and Correctional Officers J. Keenan, D. Grzebyk,

4  and Crosby.  Defendants oppose on procedural and substantive grounds.  Plaintiff filed a reply.

5  Rule 31 of the Federal Rules of Civil Procedure sets forth the procedure for

6  depositions by written questions.  "A party may, by written questions, depose any person,

7  including a party, without leave of court except as provided in Rule 31(a)(2).  The deponent's

8  attendance may be compelled by subpoena under Rule 45."  Fed. R. Civ. P. 31(a).  If a deponent[1]

9  is "confined in prison," the party seeking the deposition must first seek leave of court.  Fed. R.

10  Civ. P. 31(a)(2).

11  The individuals plaintiff wishes to depose are not individuals "confined in

12  prison."  Therefore, plaintiff does not require leave of court to depose the named individuals by

13  written questions.  Plaintiff is permitted to conduct discovery while incarcerated, without leave of

14  court, provided plaintiff complies with the Federal Rules of Civil Procedure, the local rules, and

15  applicable prison regulations.

16  For example, the party noticing the deposition by written question is required to

17  give questions to an "officer," as that term is defined in Rule 28(a) of the Federal Rules of Civil

18  Procedure, who will then take the deponent's responses to the questions, certify them, and send

19  them to the noticing party.  Fed. R. Civ. P. 30(b)(5); Fed. R. Civ. P. 31(b).  Plaintiff has not

20  shown that he has arranged for such an officer to complete these tasks, and defendant has not

21  indicated that he is willing to stipulate that plaintiff may depose the individuals in some manner

22  not requiring the participation of an officer.  Brown v. Williams, 2012 WL 1290801 (E.D. Cal.

23  April 13, 2012); Harpool v. Beyer, 2012 WL 530916 (E.D. Cal. Feb. 17, 2012).

24  ////

25

26  [1]  Black's Law Dictionary (8th ed. 2004) defines "deponent" as: "1.  One who testifies by deposition.  2.  A witness who gives written testimony for later use in court."

2

1        Moreover, because plaintiff seeks to depose non-parties, any depositions by

2  written questions must be accompanied by a subpoena, pursuant to Rule 45 of the Federal Rules

3  of Civil Procedure.  Orr v. Valdez, 2011 WL 5239223 (D. Idaho Nov. 1, 2011).  In addition,

4  although the United States Marshal will serve the subpoena without charge, plaintiff must tender

5  witness fees and mileage when the subpoena is served, as required by Rule 45(b)(1) of the

6  Federal Rules of Civil Procedure, for each deponent.[2]

7        Plaintiff has not demonstrated adherence to these procedures.  Rather, plaintiff

8  provided copies of documents filed in another civil action, Dixon v. Lavin, 2:03-cv-0262 DFL

9  JFM P, in which plaintiff was given leave to conduct one deposition by written questions using

10  the court as an intermediary.  (Dkt. No. 78 at 8-12.)  In Lavin, plaintiff sought leave to conduct

11  eight depositions by written questions.  (Id.)  The court agreed to facilitate the parties'

12  determination of allowable questions as to one deponent, and ultimately forwarded five questions

13  to one deponent, to be answered and returned to the court.  (Dkt. No. 78 at 11-13.)  Such a

14  procedure is not customary and will not be utilized by the court in this action.  Plaintiff has not

15  been granted leave to follow such a procedure and must comply with Rules 31 and 45 to take

16  depositions by written questions.[3]

17        For all of the above reasons, plaintiff's motion for leave to take depositions by

18  written questions of non-parties (dkt. no. 76) is denied.

19

20        [2]  Plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915. "The in forma pauperis
statute does not permit a waiver of the witness fees to be tendered with the subpoena. . . .
21  Although the plain language of section 1915 provides for service of process for an indigent's
witnesses, it does not waive payment of fees or expenses for those witnesses." Tedder v. Odel,
22  890 F.2d 210, 211-12 (9th Cir. 1989) (citations omitted).  Thus, plaintiff is financially
responsible for procuring an officer to transcribe the witnesses' testimony, for notice and delivery
23  of the questions, for filing of the deposition, see Fed. R. Civ. P. 31, and for the payment of
witness fees and mileage for each deponent, see Fed. R. Civ. P. 45(b)(1).

24

25        [3]  Plaintiff may wish to seek regulations and policies governing cell searches, as well as
actual records of the cell search at issue, directly from defendant LaRosa, who is a party to this
action.  It appears that plaintiff has filed a request for production of the cell search records.  (Dkt.
26  No. 83.)

3

1  III.  Motion to Compel Discovery

2           Plaintiff moves to compel further discovery responses from defendant LaRosa.

3  Defendant LaRosa filed an opposition; plaintiff did not file a reply.  The court will address each

4  discovery request seriatim.

5                    A.  Request for Production No. 1

6           Request:  Provide job description on Defendant LaRosa between August 8,
            2009 to December 31, 2009.  If position changed, e.g., different building
7           or location, provide additional information.

8           Response:  Defendant objects to this request on the grounds that it
            is vague and ambiguous as to the term "job description," and it
9           calls for documents that are not relevant or likely to lead to
            discovery of admissible evidence.  Without waiving these
10          objections, Defendant provides at Attachment 1, the Duty
            Statement for a Correctional Officer at Mule Creek State Prison.

11

12  (Dkt. No. 81 at 2.)  Defendant's objections are overruled.  Defendant LaRosa's job duties are

13  arguably relevant to defendant LaRosa's actions in searching plaintiff's cell on September 16,

14  2009, and "job description" is a commonly-used phrase used to identify the requirements of a

15  person's specific job.  On the other hand, plaintiff did not make clear that he was seeking the

16  specific job description for a correctional officer assigned to the job of building officer.

17  Defendant provided plaintiff with a duty statement, which defendant states is a description of the

18  responsibilities for a correctional officer at Mule Creek State Prison ("MCSP").

19           Plaintiff objects that the duty statement does not contain "specific duties, such as

20  inmate cell searches."  (Dkt. No. 79 at 1.)  It is odd that the duty statement includes the duty

21  "[i]nspect quarters of inmates for incoming and outgoing mail," yet fails to mention cell searches

22  which are routinely performed for security purposes and to monitor the inmates' accumulation of

23  property.

24           Accordingly, plaintiff's motion to compel further response to request number 1 is

25  partially granted.  Defendant LaRosa shall produce the job description or statement of job duties

26  for the building officer for plaintiff's housing unit at MCSP in effect on September 16, 2009.

4

1       B.  Request for Production No. 2

2       Request:  List and/or name any and all inmate and/or non-inmate
        misconduct complaints filed against Defendant LaRosa as a
3       departmental peace officer for the California Department of
        Corrections & Rehabilitation.  Conclude, if any, the deposition of
4       the complaint or complaints.

5       Response:  Defendant objects to this request on the grounds that it
        [is] compound, it is vague as to time and as to the terms "inmate
6       and/or non-inmate misconduct complaints," it is overly broad and
        burdensome, and is not relevant or likely to lead to discovery of
7       admissible evidence.

8       Moreover, this request calls for information protected by the
        official information privilege, calls for confidential information
9       protected by privacy rights of staff and inmates . . . .

10  (Dkt. No. 81 at 3.)

11          Plaintiff argues that "[b]ased on alleged confidentiality, defendant is non-

12  responsive." (Dkt. No. 79 at 2.)  Plaintiff contends these complaints are relevant to show

13  LaRosa's "motive and intent in dealing with" plaintiff.  (Dkt. No. 79 at 5.)  Plaintiff argues that

14  defendant failed to demonstrate the burden of obtaining this discovery outweighs plaintiff's need

15  for the discovery.  (Dkt. No. 79 at 6.)  In response, defendant reiterates his objections, and notes

16  that the request is not a request for production of documents, but rather asks defendant to create a

17  list.

18          Defendant's objections are well taken.  Plaintiff's request is compound and

19  overbroad.  Moreover, defendant is not required to create a document in response to a request for

20  production of documents.  Finally, plaintiff does not sufficiently identify documents narrowly

21  tailored to the claim remaining in this action.  Plaintiff's motion to compel further response to

22  request number 2 is denied.

23      C.  Request for Production No. 3

24      Request: Provide any and all defense work product information
        obtained by defendant LaRosa's attorney of record in the above
25      entitled civil rights matter, excluding those exhibits attached to
        Defendants' March 8, 2011 notice of motion and motion to
26      dismiss, which [were] provided to plaintiff.

5

1    Response:  Defendant objects to this request on the grounds that it
     is vague and ambiguous as to the term "defense work product
2    information" and "obtained."  To the extent that Plaintiff is
     attempting to request all documents prepared by the staff of the
3    Office of the California Attorney General in anticipation of or in
     response to this litigation, Defendant objects on the grounds that
4    the request is overly broad and burdensome, it calls for information
     that is not relevant or likely to lead to the discovery of admissible
5    evidence, and it calls for information protected by the work-
     product privilege.  Based on these objections, Defendant will not
6    respond to this request.

7    (Dkt. No. 81 at 4.)

8          Plaintiff only argues that defendant's response is non-responsive.  (Dkt. No. 79 at

9    2.)  Defendant reiterates his objections and notes that plaintiff's failure to identify specific

10   documents or category of documents makes it impossible for plaintiff to make the showing

11   entitling him to an exception to the attorney work-product privilege.  (Dkt. No. 81 at 5.)

12         Defendant's objections are well taken.  Plaintiff's request is vague and

13   ambiguous.  Plaintiff's motion to compel further response is denied.

14              D.  Request for Production No. 4

15   Request:  Provide any and all evidence defendant's attorney of
     record will introduce into evidence at tentative jury trial.

16
     Response:  Defendant objects to this request on the grounds that it
17   is vague and ambiguous as to the term "tentative jury trial," and
     that it is premature.  Defendant's investigation into the facts and
18   circumstances of the events alleged in this lawsuit is ongoing.
     Defendant, therefore, reserves the right to supplement this response
19   with additional documents obtained in the ongoing investigation of
     this case as required by the Federal Rules of Evidence, and to the
20   extent permitted by the Court's scheduling and pretrial orders.

21   Without waiving these objections, and assuming Plaintiff is
     requesting production of all documents currently in Defendant's
22   possession, custody, and control that he now intends to use as an
     exhibit if this matter proceeds to trial, Defendant produces a
23   diagram of a housing unit at Mule Creek State Prison.
     (Attachment 2.)  Defendant may also use any document from
24   Plaintiff's central file, including but not limited to, inmate appeals
     and responses, counseling chronos, classification reports, and the
25   deposition transcript of Plaintiff, once completed.  Documents
     from Plaintiff's central and medical file are available to him to
26   review through institutional procedures, and Plaintiff may purchase

1      a copy of his deposition transcript from the court reporter once the
       deposition is completed.
2

3  (Dkt. No. 81 at 5.)

4          Plaintiff argues that defendant's response is non-responsive except for producing

5  a housing unit diagram of MCSP.  Plaintiff also contends that the housing unit diagram is

6  incomplete because it does not reference the upper tier or second level of the housing unit.  (Dkt.

7  No. 79 at 4.)  In opposition, defendant states that he produced only two documents in response to

8  this request because "those are the only two documents he currently possesses that he intends to

9  use at trial."  (Dkt. No. 81 at 5.)

10         Plaintiff is advised that the court cannot compel defendant to produce documents

11 that are not in his possession, custody, or control.  Plaintiff does not identify what other

12 documents he believes defendant should have produced.  Plaintiff has access to his own prison

13 files.  Moreover, under the Federal Rules, defendant is required to supplement his response as

14 further documents are obtained through discovery.  With regard to the housing unit diagram,

15 plaintiff does not indicate he was housed on the upper tier on the date in question, or otherwise

16 explain how the upper tier diagram is relevant to the pending claim.  Absent additional

17 information, the court is unable to determine whether defendant should provide a diagram for the

18 upper tier.  Thus, plaintiff's motion to compel further response to request no. 4 is denied.

19         E.  Request for Production No. 5

20         Request:  Provide all work evaluation reports on Defendant
           LaRosa regarding inmate/staff relationships.
21
           Response:  Defendant objects to this request on the grounds that it
22         is compound, it is vague as to time and as to the terms "regarding
           inmate/staff relationships."  It is overly broad and burdensome, and
23         is not relevant or likely to lead to discovery of admissible evidence.

24         Moreover, this request calls for information protected by the
           official information privilege, calls for confidential information
25         protected by privacy rights of staff and inmates . . . .

26 (Dkt. No. 81 at 6.)

1       Plaintiff seeks to compel further response to request no. 5 on the grounds that the

2    alleged confidentiality objection is non-responsive.  (Dkt. No. 79 at 2.)  Plaintiff argues that:

3              work evaluation reports clearly document whether or not
               Defendant LaRosa has failed in his duties as a correctional officer
4              and if he has a propensity to punish inmates unjustly.  Again,
               motive and intent is an issue.

5

6    (Dkt. No. 79 at 5.)  Defendant asks the court to sustain defendant's objections and deny the

7    motion as unreasonable, and argue the request calls for privileged information.  (Dkt. No. 81 at

8    6.)

9       Defendant's objections are well taken.  Plaintiff did not limit the request as to

10   time, or as to subject matter related to the remaining claim in this action.  Plaintiff's motion to

11   compel further response to request no. 5 is denied.[4]

12              F.  Requests for Admission

13       Plaintiff seeks to compel further responses to request numbers 2, 3, 4, 5, 6, 7, 8, 9,

14   12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23.  (Dkt. No. 79 at 7.)  Defendant opposes.  No

15   reply was filed by plaintiff.

16       The pertinent part of Rule 36 of the Federal Rules of Civil Procedure provides:

17             (4) Answer. If a matter is not admitted, the answer must
               specifically deny it or state in detail why the answering party
18             cannot truthfully admit or deny it. A denial must fairly respond to
               the substance of the matter; and when good faith requires that a
19             party qualify an answer or deny only a part of a matter, the answer
               must specify the part admitted and qualify or deny the rest. The
20             answering party may assert lack of knowledge or information as a
               reason for failing to admit or deny only if the party states that it has
21             made reasonable inquiry and that the information it knows or can
               readily obtain is insufficient to enable it to admit or deny.

22
               (5) Objections. The grounds for objecting to a request must be
23             stated. A party must not object solely on the ground that the request
               presents a genuine issue for trial.

24
_____

25       [4] Plaintiff states that request no. 6 "is a non-issue because of similarity with" plaintiff's
     request no. 2. (Dkt. No. 81 at 2.)  Thus, it appears request no. 6 is not at issue in this motion.
26

8

1

2   (6) Motion Regarding the Sufficiency of an Answer or Objection.
    The requesting party may move to determine the sufficiency of an
    answer or objection. Unless the court finds an objection justified, it
3   must order that an answer be served. On finding that an answer
    does not comply with this rule, the court may order either that the
4   matter is admitted or that an amended answer be served. The court
    may defer its final decision until a pretrial conference or a specified
5   time before trial. Rule 37(a)(5) applies to an award of expenses.

6   Fed. R. Civ. P. 36(a)(4) - (6).  "The purpose of Rule 36(a) is to expedite trial by establishing

7   certain material facts as true and thus narrowing the range of issues for trial."  Asea v. Southern

8   Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981) (citations omitted).

9                   A.   Request for Admission No. 2

10          Request:  The California Department of Corrections &
            Rehabilitation (CDCR) Department Operations Manual (DOM),
11          section 52050.16, require a minimum of three cells [rooms, dorms,
            or living areas] in each housing unit be searched daily on each of
12          the second and third watches "by the assigned unit officer," as you
            were required while assigned to Building #1.

13
            Response:  Defendant objects to this request on the grounds that it
14          is unintelligible, compound, and vague as to time and place.  To
            the extent that Plaintiff is asking Defendant LaRosa to interpret the
15          contents of a document, Defendant objects on the grounds that it
            calls for an improper legal conclusion, and the document speaks
16          for itself.  Without waiving these objections, Defendant admits that
            CDCR DOM § 52050.16 states in part:

17
                    Post orders shall require that a minimum of three
18                  cells, rooms, dorms, or living areas in each housing
                    unit is searched daily on each of the second and
19                  third watches by the assigned unit officer.

20  (Dkt. No. 79 at 24.)

21          Plaintiff objects to defendant's response, claiming he was attempting to solicit an

22  admission or denial on whether defendant knew the CDCR policy existed.  However, the request

23  as written, or liberally construed, does not ask defendant to admit that he knew the cited policy

24  existed.  Thus, plaintiff's motion to compel further response to request for admission number 2 is

25  denied.

26  ////

                                            9

1    B.  Requests for Admission Nos. 3 & 4

2    Request No. 3:  There being 100 cells in each of the 270 degree
     design blocks at MCSP, the requirement for six cells to be
3    searched daily or 42 cells searched weekly is mandated by the
     DOM § 52050.18.  [FN 1]

4
     [FN 1:  Plaintiff's January 31, 2012 letter to counsel stated this
5    should read § 52050.16.]

6    Response to No. 3:  Defendant objects to this request on the
     grounds that it [is] vague and ambiguous as to the term "design
7    blocks," it does not call for information relevant to a claim or
     defense in this lawsuit, and it lacks foundation in that the
8    regulation referenced requires three cells to be searched, not six.
     Defendant also objects on the grounds that it calls for an improper
9    legal conclusion.  Based on these objections, Defendant is unable
     to admit or deny the request.

10

11   (Dkt. No. 79 at 25.)

12   Request No. 4:  Unless there is a dominating security concern, e.g.,
     suspected weapon or narcotics, believed inside the inmate's cell,
13   generally during every 2-1/2 week period each inmate's cell will be
     searched for contraband.

14
     Response to No. 4:  Defendant objects to this request on the
15   grounds that it is vague and ambiguous as to the term "generally."
     Without waiving this objection, Defendant denies that the above
16   statement is a correct statement.

17   (Dkt. No. 79 at 25.)

18   Plaintiff contends that request no. 3 is based on defendant's admission to request

19   no. 2, that there are 100 cells in each building at MCSP.

20   All Level-IV security facilities built in the late 1980's and in 1990
     are classified as either 180 or 270 Degree Designs.  The fact that
21   MCSP buildings are often referred to as blocks, suggest that
     defendant's responses or non-responsive statements are designed to
22   make the discovery difficult.

23   (Dkt. No. 79 at 8.)  As to request no. 4, plaintiff contends that defendant's response that the term

24   "generally" is vague and ambiguous supports plaintiff's claim that defendant is making discovery

25   difficult.  (Id.)

26   ////

10

1          In opposition to request no. 4, defendant contends that he provided the best

2   response possible given the unclear wording of plaintiff's request.

3                    Plaintiff asks Officer LaRosa to admit that, absent overriding
                     security issues, the effect of § 52050.16, is that each inmate's cell
4                    will be searched approximately once every two and one-half
                     weeks.  Plaintiff appears to be dividing the number of cells in the
5                    unit (100) by the number of daily searches to be conducted in the
                     unit by staff (6), to conclude that just over every 16 days a cell
6                    should be due to be searched.

7                    . . .

8                    Plaintiff's assumption that the consequence of § 52050.16 is to
                     require or cause each cell to be searched every two and a half
9                    weeks is wrong.  Plaintiff's reasoning is based on the false
                     assumption that cell searches will be carried out consistently.  But
10                   the regulation mandates that the searches will occur randomly
                     Thus, it is possible that an inmate's cell will be searched several
11                   days in a row, or not for several weeks.  On average, the interval
                     between searches may be two and a half weeks, but sometimes the
12                   actual interval will be longer and sometimes it will be shorter.  In a
                     given two and a half week period, an inmate's cell may be searched
13                   once, more than once, or not at all.  The process is random, as
                     mandated by the regulation, and thus Defendant could not admit a
14                   cell will be searched "approximately once every two and a half
                     weeks."

15

16   (Dkt. No. 79 at 8-9.)

17          Reading requests 3 and 4 together confirm that plaintiff was attempting to

18   mathematically determine the appropriate frequency of cell searches.  However, as noted by

19   defendant, cell searches are, by necessity, random and inconsistent in nature.  If prisoners could

20   project when cell searches occur, inmates could move contraband prior to a search.  Thus,

21   plaintiff's motion to compel further responses to requests numbers 3 and 4 is denied.

22                 C.  Remaining Requests for Admissions

23          Finally, plaintiff seeks to compel further responses to requests 5, 6, 7, 8, 9, 12, 13,

24   14, 15, 16, 17, 18, 19, 20, 21, 22 and 23.  However, rather than addressing each request, and

25   identifying the alleged deficiencies as to each request, plaintiff specifically addressed only

26   requests 2, 3, and 4, and then states that:  "[r]ather than list each and every response to request

11

1    for admission that plaintiff deems problematic, plaintiff humbly seeks the court's interpretation

2    and/or intervention.  The proof is in defendant's responses to requests for admissions."  (Dkt. No.

3    79 at 8.)  Defendant contends that he provided good faith responses to poorly-phrased requests,

4    and that it is improper for plaintiff to rely on the court's interpretation of grounds not identified

5    by plaintiff in his motion to compel.  (Dkt. No. 81 at 7.)

6            Plaintiff's general contentions are insufficient to challenge objections to discovery

7    requests.  Thus, the court will not address these remaining requests for admissions.

8    IV.   Request to Extend Discovery Deadline

9            Plaintiff seeks to extend the discovery deadline, based on the pendency of his

10   motions to compel discovery responses.  Also, on April 12, 2012, plaintiff filed copies of

11   discovery requests directed to defendant LaRosa, which were untimely propounded under the

12   court's January 5, 2012 scheduling order.

13           "The district court is given broad discretion in supervising the pretrial phase of

14   litigation."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation

15   and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified

16   only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may

17   be modified 'if it cannot reasonably be met despite the diligence of the party seeking the

18   extension.'"  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)

19   (quoting Johnson., 975 F.2d at 607).

20           In light of the pending discovery motions, and the need for additional discovery

21   following this court's order, this court finds good cause to extend the discovery deadline.  The

22   discovery deadline is continued to September 21, 2012.  Any motions to compel discovery shall

23   be filed by September 21, 2012.  All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34

24   or 36 shall be served not later than July 31, 2012.  Responses to written discovery requests shall

25   be due thirty days after the request is served.

26   ////

1    Thus, defendant LaRosa shall respond to plaintiff's first set of interrogatories and

2  second request for production of documents, filed with the court on April 12, 2012, within thirty

3  days from the date of this order.

4    Finally, the pretrial motions deadline is continued to December 20, 2012.

5    In accordance with the above, IT IS HEREBY ORDERED that:

6    1.  Plaintiff's motion for leave of court to take depositions upon written questions

7  of non-parties (dkt. no. 76) is denied;

8    2.  Plaintiff's motion to compel further discovery responses (dkt. no. 79) is

9  partially granted:

10    a.  Plaintiff's motion to compel further response to request

11    for production of documents number 1 is partially granted.

12    Defendant LaRosa shall produce, within twenty-one days, the job

13    description or job duties for the building officer at plaintiff's

14    housing unit at Mule Creek State Prison, that was in effect on

15    September 16, 2009.

16  In all other respects, plaintiff's motion to compel is denied.

17    3.  Plaintiff's motion to extend the discovery deadline (dkt. no. 80) is granted;

18    4.  The January 5, 2012 discovery and scheduling order (dkt. no. 75) is modified

19  as follows:

20    a.  The discovery deadline is continued to September 21,

21    2012.  Any motions necessary to compel discovery shall be filed on

22    or before September 21, 2012.  All requests for discovery pursuant

23    to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than

24    July 31, 2012.  Unless otherwise ordered, responses to written

25    discovery requests shall be due **thirty** days after the request is

26    served.

13

1          b.  All pretrial motions, except motions to compel

2     discovery, shall be filed on or before December 20, 2012.  Motions

3     shall be briefed in accordance with paragraph 8 of this court's

4     order filed July 7, 2011.

5          5.  Defendant LaRosa shall respond to plaintiff's first set of interrogatories and

6  second request for production of documents, filed with the court on April 12, 2012 (dkt. nos. 82

7  & 83), within thirty days from the date of this order.

8  DATED:  June 21, 2012

9

10     _____
       KENDALL J. NEWMAN

11     UNITED STATES MAGISTRATE JUDGE

12  dixo1441.dep

13

14

15

16

17

18

19

20

21

22

23

24

25

26