IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

      Plaintiff,                No. 2:10-cv-1441 GEB KJN P

    vs.

S. LAROSA, et al.,              ORDER AND REVISED

      Defendants.           SCHEDULING ORDER

_____/

      Plaintiff is a state prisoner proceeding in forma pauperis. Multiple motions are presently pending, which the court will address seriatim.

I. Background

      By order filed December 23, 2011, defendants' motion to dismiss was granted as to all claims and all defendants, with the exception of plaintiff's allegation that defendant LaRosa retaliated against plaintiff for filing grievance MCSP-09-01626, by searching and allegedly "trashing" plaintiff's cell on September 16, 2009. (Dkt. Nos 73; 60 at 12-16.) The court dismissed plaintiff's allegations that Gamez, Keenan, Grzebyk, Crosby also retaliated against plaintiff based on plaintiff's failure to first exhaust administrative remedies. (Dkt. No. 60 at 21.) Thus, the sole issue remaining is whether defendant LaRosa's September 16, 2009 search of plaintiff's cell was performed in retaliation for plaintiff's grievance regarding double-celling.

1

II. <u>Depositions by Written Questions</u>

Plaintiff seeks leave to take depositions upon written questions of non-party witnesses Correctional Sergeant V. Gamez, and Correctional Officers J. Keenan, D. Grzebyk, and Crosby. Defendants oppose on procedural and substantive grounds. Plaintiff filed a reply.

Rule 31 of the Federal Rules of Civil Procedure sets forth the procedure for depositions by written questions. "A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 31(a). If a deponent[1] is "confined in prison," the party seeking the deposition must first seek leave of court. Fed. R. Civ. P. 31(a)(2).

The individuals plaintiff wishes to depose are not individuals "confined in prison." Therefore, plaintiff does not require leave of court to depose the named individuals by written questions. Plaintiff is permitted to conduct discovery while incarcerated, without leave of court, provided plaintiff complies with the Federal Rules of Civil Procedure, the local rules, and applicable prison regulations.

For example, the party noticing the deposition by written question is required to give questions to an "officer," as that term is defined in Rule 28(a) of the Federal Rules of Civil Procedure, who will then take the deponent's responses to the questions, certify them, and send them to the noticing party. Fed. R. Civ. P. 30(b)(5); Fed. R. Civ. P. 31(b). Plaintiff has not shown that he has arranged for such an officer to complete these tasks, and defendant has not indicated that he is willing to stipulate that plaintiff may depose the individuals in some manner not requiring the participation of an officer. <u>Brown v. Williams</u>, 2012 WL 1290801 (E.D. Cal. April 13, 2012); <u>Harpool v. Beyer</u>, 2012 WL 530916 (E.D. Cal. Feb. 17, 2012).

////

---

[1] Black's Law Dictionary (8th ed. 2004) defines "deponent" as: "1. One who testifies by deposition. 2. A witness who gives written testimony for later use in court."

2

1    Moreover, because plaintiff seeks to depose non-parties, any depositions by
2 written questions must be accompanied by a subpoena, pursuant to Rule 45 of the Federal Rules
3 of Civil Procedure. <u>Orr v. Valdez</u>, 2011 WL 5239223 (D. Idaho Nov. 1, 2011). In addition,
4 although the United States Marshal will serve the subpoena without charge, plaintiff must tender
5 witness fees and mileage when the subpoena is served, as required by Rule 45(b)(1) of the
6 Federal Rules of Civil Procedure, for each deponent.[2]

7    Plaintiff has not demonstrated adherence to these procedures. Rather, plaintiff
8 provided copies of documents filed in another civil action, <u>Dixon v. Lavin</u>, 2:03-cv-0262 DFL
9 JFM P, in which plaintiff was given leave to conduct one deposition by written questions using
10 the court as an intermediary. (Dkt. No. 78 at 8-12.) In <u>Lavin</u>, plaintiff sought leave to conduct
11 eight depositions by written questions. (<u>Id.</u>) The court agreed to facilitate the parties'
12 determination of allowable questions as to one deponent, and ultimately forwarded five questions
13 to one deponent, to be answered and returned to the court. (Dkt. No. 78 at 11-13.) Such a
14 procedure is not customary and will not be utilized by the court in this action. Plaintiff has not
15 been granted leave to follow such a procedure and must comply with Rules 31 and 45 to take
16 depositions by written questions.[3]

17    For all of the above reasons, plaintiff's motion for leave to take depositions by
18 written questions of non-parties (dkt. no. 76) is denied.

---

[2] Plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915. "The in forma pauperis statute does not permit a waiver of the witness fees to be tendered with the subpoena. . . . Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses." <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989) (citations omitted). Thus, plaintiff is financially responsible for procuring an officer to transcribe the witnesses' testimony, for notice and delivery of the questions, for filing of the deposition, <u>see</u> Fed. R. Civ. P. 31, and for the payment of witness fees and mileage for each deponent, <u>see</u> Fed. R. Civ. P. 45(b)(1).

[3] Plaintiff may wish to seek regulations and policies governing cell searches, as well as actual records of the cell search at issue, directly from defendant LaRosa, who is a party to this action. It appears that plaintiff has filed a request for production of the cell search records. (Dkt. No. 83.)

III. Motion to Compel Discovery

Plaintiff moves to compel further discovery responses from defendant LaRosa. Defendant LaRosa filed an opposition; plaintiff did not file a reply. The court will address each discovery request seriatim.

A. Request for Production No. 1

Request: Provide job description on Defendant LaRosa between August 8, 2009 to December 31, 2009. If position changed, e.g., different building or location, provide additional information.

Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "job description," and it calls for documents that are not relevant or likely to lead to discovery of admissible evidence. Without waiving these objections, Defendant provides at Attachment 1, the Duty Statement for a Correctional Officer at Mule Creek State Prison.

(Dkt. No. 81 at 2.) Defendant's objections are overruled. Defendant LaRosa's job duties are arguably relevant to defendant LaRosa's actions in searching plaintiff's cell on September 16, 2009, and "job description" is a commonly-used phrase used to identify the requirements of a person's specific job. On the other hand, plaintiff did not make clear that he was seeking the specific job description for a correctional officer assigned to the job of building officer. Defendant provided plaintiff with a duty statement, which defendant states is a description of the responsibilities for a correctional officer at Mule Creek State Prison ("MCSP").

Plaintiff objects that the duty statement does not contain "specific duties, such as inmate cell searches." (Dkt. No. 79 at 1.) It is odd that the duty statement includes the duty "[i]nspect quarters of inmates for incoming and outgoing mail," yet fails to mention cell searches which are routinely performed for security purposes and to monitor the inmates' accumulation of property.

Accordingly, plaintiff's motion to compel further response to request number 1 is partially granted. Defendant LaRosa shall produce the job description or statement of job duties for the building officer for plaintiff's housing unit at MCSP in effect on September 16, 2009.

4

1          B.  Request for Production No. 2

2          Request:  List and/or name any and all inmate and/or non-inmate misconduct complaints filed against Defendant LaRosa as a
3          departmental peace officer for the California Department of Corrections & Rehabilitation.  Conclude, if any, the deposition of
4          the complaint or complaints.

5          Response:  Defendant objects to this request on the grounds that it [is] compound, it is vague as to time and as to the terms "inmate
6          and/or non-inmate misconduct complaints," it is overly broad and burdensome, and is not relevant or likely to lead to discovery of
7          admissible evidence.

8          Moreover, this request calls for information protected by the official information privilege, calls for confidential information
9          protected by privacy rights of staff and inmates . . . .

10 (Dkt. No. 81 at 3.)

11          Plaintiff argues that "[b]ased on alleged confidentiality, defendant is non-

12 responsive."  (Dkt. No. 79 at 2.)  Plaintiff contends these complaints are relevant to show

13 LaRosa's "motive and intent in dealing with" plaintiff.  (Dkt. No. 79 at 5.)  Plaintiff argues that

14 defendant failed to demonstrate the burden of obtaining this discovery outweighs plaintiff's need

15 for the discovery.  (Dkt. No. 79 at 6.)  In response, defendant reiterates his objections, and notes

16 that the request is not a request for production of documents, but rather asks defendant to create a

17 list.

18          Defendant's objections are well taken.  Plaintiff's request is compound and

19 overbroad.  Moreover, defendant is not required to create a document in response to a request for

20 production of documents.  Finally, plaintiff does not sufficiently identify documents narrowly

21 tailored to the claim remaining in this action.  Plaintiff's motion to compel further response to

22 request number 2 is denied.

23          C.  Request for Production No. 3

24          Request: Provide any and all defense work product information obtained by defendant LaRosa's attorney of record in the above
25          entitled civil rights matter, excluding those exhibits attached to Defendants' March 8, 2011 notice of motion and motion to
26          dismiss, which [were] provided to plaintiff.

5

> Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "defense work product information" and "obtained." To the extent that Plaintiff is attempting to request all documents prepared by the staff of the Office of the California Attorney General in anticipation of or in response to this litigation, Defendant objects on the grounds that the request is overly broad and burdensome, it calls for information that is not relevant or likely to lead to the discovery of admissible evidence, and it calls for information protected by the work-product privilege. Based on these objections, Defendant will not respond to this request.

(Dkt. No. 81 at 4.)

Plaintiff only argues that defendant's response is non-responsive. (Dkt. No. 79 at 2.) Defendant reiterates his objections and notes that plaintiff's failure to identify specific documents or category of documents makes it impossible for plaintiff to make the showing entitling him to an exception to the attorney work-product privilege. (Dkt. No. 81 at 5.)

Defendant's objections are well taken. Plaintiff's request is vague and ambiguous. Plaintiff's motion to compel further response is denied.

### D.  Request for Production No. 4

> Request: Provide any and all evidence defendant's attorney of record will introduce into evidence at tentative jury trial.
>
> Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "tentative jury trial," and that it is premature. Defendant's investigation into the facts and circumstances of the events alleged in this lawsuit is ongoing. Defendant, therefore, reserves the right to supplement this response with additional documents obtained in the ongoing investigation of this case as required by the Federal Rules of Evidence, and to the extent permitted by the Court's scheduling and pretrial orders.
>
> Without waiving these objections, and assuming Plaintiff is requesting production of all documents currently in Defendant's possession, custody, and control that he now intends to use as an exhibit if this matter proceeds to trial, Defendant produces a diagram of a housing unit at Mule Creek State Prison. (Attachment 2.) Defendant may also use any document from Plaintiff's central file, including but not limited to, inmate appeals and responses, counseling chronos, classification reports, and the deposition transcript of Plaintiff, once completed. Documents from Plaintiff's central and medical file are available to him to review through institutional procedures, and Plaintiff may purchase

>  a copy of his deposition transcript from the court reporter once the
>  deposition is completed.

(Dkt. No. 81 at 5.)

Plaintiff argues that defendant's response is non-responsive except for producing a housing unit diagram of MCSP. Plaintiff also contends that the housing unit diagram is incomplete because it does not reference the upper tier or second level of the housing unit. (Dkt. No. 79 at 4.) In opposition, defendant states that he produced only two documents in response to this request because "those are the only two documents he currently possesses that he intends to use at trial." (Dkt. No. 81 at 5.)

Plaintiff is advised that the court cannot compel defendant to produce documents that are not in his possession, custody, or control. Plaintiff does not identify what other documents he believes defendant should have produced. Plaintiff has access to his own prison files. Moreover, under the Federal Rules, defendant is required to supplement his response as further documents are obtained through discovery. With regard to the housing unit diagram, plaintiff does not indicate he was housed on the upper tier on the date in question, or otherwise explain how the upper tier diagram is relevant to the pending claim. Absent additional information, the court is unable to determine whether defendant should provide a diagram for the upper tier. Thus, plaintiff's motion to compel further response to request no. 4 is denied.

E. Request for Production No. 5

> Request: Provide all work evaluation reports on Defendant
> LaRosa regarding inmate/staff relationships.
>
> Response: Defendant objects to this request on the grounds that it
> is compound, it is vague as to time and as to the terms "regarding
> inmate/staff relationships." It is overly broad and burdensome, and
> is not relevant or likely to lead to discovery of admissible evidence.
>
> Moreover, this request calls for information protected by the
> official information privilege, calls for confidential information
> protected by privacy rights of staff and inmates . . . .

(Dkt. No. 81 at 6.)

7

Plaintiff seeks to compel further response to request no. 5 on the grounds that the alleged confidentiality objection is non-responsive. (Dkt. No. 79 at 2.) Plaintiff argues that:

> work evaluation reports clearly document whether or not
> Defendant LaRosa has failed in his duties as a correctional officer
> and if he has a propensity to punish inmates unjustly. Again,
> motive and intent is an issue.

(Dkt. No. 79 at 5.) Defendant asks the court to sustain defendant's objections and deny the motion as unreasonable, and argue the request calls for privileged information. (Dkt. No. 81 at 6.)

Defendant's objections are well taken. Plaintiff did not limit the request as to time, or as to subject matter related to the remaining claim in this action. Plaintiff's motion to compel further response to request no. 5 is denied.[4]

   F. <u>Requests for Admission</u>

Plaintiff seeks to compel further responses to request numbers 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23. (Dkt. No. 79 at 7.) Defendant opposes. No reply was filed by plaintiff.

The pertinent part of Rule 36 of the Federal Rules of Civil Procedure provides:

> (4) Answer. If a matter is not admitted, the answer must
> specifically deny it or state in detail why the answering party
> cannot truthfully admit or deny it. A denial must fairly respond to
> the substance of the matter; and when good faith requires that a
> party qualify an answer or deny only a part of a matter, the answer
> must specify the part admitted and qualify or deny the rest. The
> answering party may assert lack of knowledge or information as a
> reason for failing to admit or deny only if the party states that it has
> made reasonable inquiry and that the information it knows or can
> readily obtain is insufficient to enable it to admit or deny.
>
> (5) Objections. The grounds for objecting to a request must be
> stated. A party must not object solely on the ground that the request
> presents a genuine issue for trial.

---

[4] Plaintiff states that request no. 6 "is a non-issue because of similarity with" plaintiff's request no. 2. (Dkt. No. 81 at 2.) Thus, it appears request no. 6 is not at issue in this motion.

> (6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(4) - (6). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." Asea v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981) (citations omitted).

  A. Request for Admission No. 2

> Request: The California Department of Corrections & Rehabilitation (CDCR) Department Operations Manual (DOM), section 52050.16, require a minimum of three cells [rooms, dorms, or living areas] in each housing unit be searched daily on each of the second and third watches "by the assigned unit officer," as you were required while assigned to Building #1.
>
> Response: Defendant objects to this request on the grounds that it is unintelligible, compound, and vague as to time and place. To the extent that Plaintiff is asking Defendant LaRosa to interpret the contents of a document, Defendant objects on the grounds that it calls for an improper legal conclusion, and the document speaks for itself. Without waiving these objections, Defendant admits that CDCR DOM § 52050.16 states in part:
>
>> Post orders shall require that a minimum of three cells, rooms, dorms, or living areas in each housing unit is searched daily on each of the second and third watches by the assigned unit officer.

(Dkt. No. 79 at 24.)

  Plaintiff objects to defendant's response, claiming he was attempting to solicit an admission or denial on whether defendant knew the CDCR policy existed. However, the request as written, or liberally construed, does not ask defendant to admit that he knew the cited policy existed. Thus, plaintiff's motion to compel further response to request for admission number 2 is denied.

////

B.  Requests for Admission Nos. 3 & 4

Request No. 3: There being 100 cells in each of the 270 degree design blocks at MCSP, the requirement for six cells to be searched daily or 42 cells searched weekly is mandated by the DOM § 52050.18.  [FN 1]

[FN 1: Plaintiff's January 31, 2012 letter to counsel stated this should read § 52050.16.]

Response to No. 3: Defendant objects to this request on the grounds that it [is] vague and ambiguous as to the term "design blocks," it does not call for information relevant to a claim or defense in this lawsuit, and it lacks foundation in that the regulation referenced requires three cells to be searched, not six. Defendant also objects on the grounds that it calls for an improper legal conclusion.  Based on these objections, Defendant is unable to admit or deny the request.

(Dkt. No. 79 at 25.)

Request No. 4: Unless there is a dominating security concern, e.g., suspected weapon or narcotics, believed inside the inmate's cell, generally during every 2-1/2 week period each inmate's cell will be searched for contraband.

Response to No. 4: Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "generally." Without waiving this objection, Defendant denies that the above statement is a correct statement.

(Dkt. No. 79 at 25.)

Plaintiff contends that request no. 3 is based on defendant's admission to request no. 2, that there are 100 cells in each building at MCSP.

All Level-IV security facilities built in the late 1980's and in 1990 are classified as either 180 or 270 Degree Designs.  The fact that MCSP buildings are often referred to as blocks, suggest that defendant's responses or non-responsive statements are designed to make the discovery difficult.

(Dkt. No. 79 at 8.)  As to request no. 4, plaintiff contends that defendant's response that the term "generally" is vague and ambiguous supports plaintiff's claim that defendant is making discovery difficult.  (Id.)

////

In opposition to request no. 4, defendant contends that he provided the best response possible given the unclear wording of plaintiff's request.

> Plaintiff asks Officer LaRosa to admit that, absent overriding security issues, the effect of § 52050.16, is that each inmate's cell will be searched approximately once every two and one-half weeks. Plaintiff appears to be dividing the number of cells in the unit (100) by the number of daily searches to be conducted in the unit by staff (6), to conclude that just over every 16 days a cell should be due to be searched.
>
> . . .
>
> Plaintiff's assumption that the consequence of § 52050.16 is to require or cause each cell to be searched every two and a half weeks is wrong. Plaintiff's reasoning is based on the false assumption that cell searches will be carried out consistently. But the regulation mandates that the searches will occur randomly Thus, it is possible that an inmate's cell will be searched several days in a row, or not for several weeks. On average, the interval between searches may be two and a half weeks, but sometimes the actual interval will be longer and sometimes it will be shorter. In a given two and a half week period, an inmate's cell may be searched once, more than once, or not at all. The process is random, as mandated by the regulation, and thus Defendant could not admit a cell will be searched "approximately once every two and a half weeks."

(Dkt. No. 79 at 8-9.)

Reading requests 3 and 4 together confirm that plaintiff was attempting to mathematically determine the appropriate frequency of cell searches. However, as noted by defendant, cell searches are, by necessity, random and inconsistent in nature. If prisoners could project when cell searches occur, inmates could move contraband prior to a search. Thus, plaintiff's motion to compel further responses to requests numbers 3 and 4 is denied.

### C. Remaining Requests for Admissions

Finally, plaintiff seeks to compel further responses to requests 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23. However, rather than addressing each request, and identifying the alleged deficiencies as to each request, plaintiff specifically addressed only requests 2, 3, and 4, and then states that: "[r]ather than list each and every response to request

11

for admission that plaintiff deems problematic, plaintiff humbly seeks the court's interpretation and/or intervention. The proof is in defendant's responses to requests for admissions." (Dkt. No. 79 at 8.) Defendant contends that he provided good faith responses to poorly-phrased requests, and that it is improper for plaintiff to rely on the court's interpretation of grounds not identified by plaintiff in his motion to compel. (Dkt. No. 81 at 7.)

Plaintiff's general contentions are insufficient to challenge objections to discovery requests. Thus, the court will not address these remaining requests for admissions.

IV. Request to Extend Discovery Deadline

Plaintiff seeks to extend the discovery deadline, based on the pendency of his motions to compel discovery responses. Also, on April 12, 2012, plaintiff filed copies of discovery requests directed to defendant LaRosa, which were untimely propounded under the court's January 5, 2012 scheduling order.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson., 975 F.2d at 607).

In light of the pending discovery motions, and the need for additional discovery following this court's order, this court finds good cause to extend the discovery deadline. The discovery deadline is continued to September 21, 2012. Any motions to compel discovery shall be filed by September 21, 2012. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than July 31, 2012. Responses to written discovery requests shall be due thirty days after the request is served.

////

Thus, defendant LaRosa shall respond to plaintiff's first set of interrogatories and second request for production of documents, filed with the court on April 12, 2012, within thirty days from the date of this order.

Finally, the pretrial motions deadline is continued to December 20, 2012.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave of court to take depositions upon written questions of non-parties (dkt. no. 76) is denied;

2. Plaintiff's motion to compel further discovery responses (dkt. no. 79) is partially granted:

> a. Plaintiff's motion to compel further response to request for production of documents number 1 is partially granted. Defendant LaRosa shall produce, within twenty-one days, the job description or job duties for the building officer at plaintiff's housing unit at Mule Creek State Prison, that was in effect on September 16, 2009.

In all other respects, plaintiff's motion to compel is denied.

3. Plaintiff's motion to extend the discovery deadline (dkt. no. 80) is granted;

4. The January 5, 2012 discovery and scheduling order (dkt. no. 75) is modified as follows:

> a. The discovery deadline is continued to September 21, 2012. Any motions necessary to compel discovery shall be filed on or before September 21, 2012. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than July 31, 2012. Unless otherwise ordered, responses to written discovery requests shall be due **thirty** days after the request is served.

13

b. All pretrial motions, except motions to compel discovery, shall be filed on or before December 20, 2012. Motions shall be briefed in accordance with paragraph 8 of this court's order filed July 7, 2011.

5. Defendant LaRosa shall respond to plaintiff's first set of interrogatories and second request for production of documents, filed with the court on April 12, 2012 (dkt. nos. 82 & 83), within thirty days from the date of this order.

DATED: June 21, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dixo1441.dep