IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

       Plaintiff,                    No. 2:10-cv-1441 GEB KJN P

   vs.

S. LAROSA, et al.,

       Defendants.           ORDER

_____/

       Plaintiff's motion to compel further responses to discovery is before the court. Defendants filed an opposition, and plaintiff filed a reply. As set forth more fully below, the court finds that plaintiff's motion to compel further responses is granted in part.

       A. <u>Background</u>

       As recounted in this court's June 22, 2012 order, the sole issue remaining in this case is whether defendant LaRosa's September 16, 2009 search of plaintiff's cell was performed in retaliation for plaintiff's August 23, 2009 grievance regarding double-celling. (Dkt. No. 85 at 1.) On September 18, 2009, plaintiff filed grievance MCSP-09-02012, entitled "Cell Trashed During Improperly Frequent Cell Search," complaining that defendant LaRosa retaliated against plaintiff for filing grievance MCSP-09-01626, by excessively searching, and allegedly "trashing," plaintiff's cell on September 16, 2009. (Dkt. No. 38-3 at 4; Dkt. No. 12 at 8-10.) In other words,

1  plaintiff contends that defendant's search of plaintiff's cell on September 16, 2009, was too
2  frequent and was improper because defendant allegedly "trashed" plaintiff's cell.

           B.  <u>Plaintiff's First Set of Interrogatories</u>

           Plaintiff seeks to compel further answers to all 25 of the first set of interrogatories. In opposition, defendant specifically addresses interrogatories 1, 8, and 15, and stands on his responses and objections to the remaining interrogatories. Moreover, defendant maintains he provided complete substantive responses to each interrogatory. The court addresses the interrogatories seriatim.

           <u>Interrogatory No. 1</u>: What is your full name?

           <u>Response</u>: Defendant LaRosa objects to this request on the grounds that it is not relevant and not likely to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it calls for information protected by the official information privilege. Without waiving these objections, Defendant responds that his name is S. LaRosa.

(Dkt. No. 88 at 85-86.) In his motion, plaintiff argues that he requested defendant's full name "to ensure against another named 'S. LaRosa,'" and that California Code of Regulations, Title 15, § 3004(a) provides that "employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties." <u>Id.</u> Defendant opposes compelling further response to this interrogatory, arguing that plaintiff failed to demonstrate its relevance, that "there is no question that plaintiff has located and served the correct 'S. LaRosa,'" (dkt. no. 91 at 3), and that due to plaintiff's violent criminal history, defendant would rather not disclose his first name.

           In this action, defendant is not defending on a theory that plaintiff served or sued the wrong "S. LaRosa." Section 3004(a) uses the term "may," which is conditional, and defendant LaRosa expressed a legitimate concern about disclosing his first name. Accordingly, plaintiff's motion for further response to interrogatory no. 1 is denied.

////

> Interrogatory No. 2: Between August 2009 and September 2009, what days were you assigned to A-Facility, Building #1 of Mule Creek State Prison (MCSP)?
>
> Response: Defendant objects to this request on the grounds that it calls for information that is not relevant and not likely to lead to the discovery of admissible evidence. Without waiving this objection, Defendant responds that he believes he worked in Building #1 on Thursdays and Fridays during August and September 2009.

(Dkt. No. 88 at 86.) In his motion, plaintiff states that he was merely asking defendant to acknowledge that he was working in Building #1 on August 8, 2009 and September 16, 2009, as verified in documentary evidence. However, plaintiff did not specifically ask about August 8 or September 16 in this interrogatory. Moreover, plaintiff has documentary evidence bearing defendant's signature as evidence defendant was working on August 8 and September 16, 2009. Plaintiff did not ask defendant if it was his signature on the documents evidencing his presence on those dates. Finally, this action is proceeding solely on plaintiff's challenge to defendant's cell search on September 16, 2009; defendant is not defending this action on a claim that he was not working on September 16, 2009, or on August 8, 2009. Plaintiff failed to demonstrate the relevance of whether defendant was working any other dates during August or September of 2009. Thus, plaintiff's motion to compel further response to interrogatory no. 2 is denied.

> Interrogatory No. 3: As the unit floor officer in Building #1, describe, if any, problems that existed between you and Plaintiff/Inmate Dixon?
>
> Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "problem," it is vague as to time, and it calls for information that is not relevant and not likely to lead to the discovery of admissible evidence.
>
> Without waiving these objections, and assuming Plaintiff is asking whether Defendant LaRosa ever recalls Plaintiff causing a disturbance in Building 1, Defendant LaRosa does not recall any major disturbance. Defendant LaRosa recalls only one instance in which he had to tell Plaintiff that he could not take a shower because the permitted time for showers had passed, and Plaintiff made comments complaining that LaRosa should allow him to

////

        shower anyway.  This did not, however, cause any disturbance in
        the housing unit.

(Dkt. No. 88 at 86.)  In his motion, plaintiff contends his retaliation claim is based on defendant's "uprooting" plaintiff from Building #1 where plaintiff was successfully housed for over four years until he filed prison grievances against building officers.  Plaintiff claims the information sought is relevant.[1]

        However,  plaintiff's claims concerning retaliatory bed moves were unexhausted and were dismissed from this action. (Dkt. No. 60 at 15, 20-21; Dkt. No. 73.)  This action proceeds as to plaintiff's claim that defendant LaRosa's search of plaintiff's cell on September 16, 2009, was allegedly performed in retaliation for plaintiff's filing a grievance.  Despite his objections, defendant answered this question.  No further response is required.

        <u>Interrogatory No. 4</u>:  Did Plaintiff/Inmate Dixon ever receive any written disciplinary reports of any kind, e.g., chronos or rules violation reports, from you?

        <u>Response</u>:  Defendant objects to this request on the grounds that it is vague as to time, and it calls for information that is equally available to Plaintiff, and is not relevant and not likely to lead to the discovery of admissible evidence.  Without waiving these objections, Defendant LaRosa does not believe he ever issued any written disciplinary reports or counseling chronos to Plaintiff.

(Dkt. No. 88 at 86.)  Despite defendant's objections, defendant answered this interrogatory.  No further response is required.

        <u>Interrogatory No. 5</u>:  Are you aware of any correctional officer issuing Plaintiff/Inmate Dixon any written disciplinary report while he was housed in Building #1?

        <u>Response</u>:  Defendant objects to this request on the grounds that it calls for information that is not relevant and not likely to lead to the discovery of admissible evidence.  Without waiving these

////

---

[1] The court notes that in his amended complaint, plaintiff avers that he and his cellmate had no conflicts with any staff. (Dkt. No. 12 at 9.)

1  objections, Defendant LaRosa is not aware that any other
2  Correctional Officer issued Plaintiff a disciplinary report in Building 1.

3  (Dkt. No. 88 at 87.) Despite defendant's objections, defendant answered this interrogatory. No
4  further response is required.

5  Interrogatory No. 6: How often did you conduct cell searches when assigned to Building #1?

6
7  Response: Defendant objects to this request on the grounds that it calls for information that is not relevant and not likely to lead to the discovery of admissible evidence, and it is vague as to time.
8  Without waiving these objections, and assuming Plaintiff is asking how many cell searches Defendant LaRosa conducted per shift
9  during 2009, in Building 1, Defendant responds that he and the other Floor Officer assigned to Building 1 usually conducted three
10  cell searches per shift, unless institutional demands required additional searches or prevented him from completing the three
11  searches.

12  (Dkt. No. 88 at 87.) Despite defendant's objections, defendant answered this interrogatory. No
13  further response is required.

14  Interrogatory No. 7: How many cells did you search on any given day when assigned to Building #1?
15
16  Response: Defendant objects to this request on the grounds that it calls for information that is not relevant and not likely to lead to the discovery of admissible evidence, and it is vague and
17  ambiguous as to the terms "any given day." Without waiving these objections, and assuming Plaintiff is asking what was the usual
18  number of cells searched per shift during 2009 in Building 1, Defendant LaRosa responds that there were usually three searches
19  completed per shift on second and third watch.

20  (Dkt. No. 88 at 87-88.) Despite defendant's objections, defendant answered this interrogatory.
21  No further response is required.

22  Interrogatory No. 8: Exactly what is the criteria for searching cells?
23
24  Response: Defendant objects to this request on the grounds that it is vague as to the terms "criteria for searching cells," and it is unintelligible. Based on these objections, Defendant will not
25  respond to this request.

26  (Dkt. No. 88 at 88.) Plaintiff argues that in the dictionary, criteria is defined as "a standard on

5

which a judgment may be based," and argues that defendant either failed to adhere to the rules and regulations governing cell search procedures, or that he does not understand such rules and regulations. (Dkt. No. 88 at 12.) Defendant contends that the term "criteria for searching cells" is vague to the point of being meaningless because there could be many reasons for searching a cell, depending on the circumstances. (Dkt. No. 91 at 4.) Defendant contends no further response should be ordered because defendant cannot be expected to know what circumstances plaintiff was referring to in interrogatory no. 8.

Defendant is correct that interrogatory no. 8 is vague. Defendant has explained that there could be many reasons for searching a cell, depending on the circumstances. (Dkt. No. 91 at 4.) Plaintiff's argument in support of the motion suggests plaintiff was seeking to know what defendant LaRosa's criteria was for searching plaintiff's cell on September 16, 2009. However, that is not the question plaintiff asked. Defendant's objections are sustained, and no further response is required.

> Interrogatory No. 9: Do unit officers conduct cell searches alone or with their partner (another Correctional Officer)?
>
> Response: Defendant objects to this request on the grounds that it calls for information that is not relevant and not likely to lead to the discovery of admissible evidence, and it is vague as to time. Without waiving these objections, and assuming Plaintiff is asking whether Correctional Officers were permitted to search cells without another officer present during the search in Building 1 during 2009, Defendant responds that Correctional Officers were permitted to search a cell without another officer present when it was safe to do so.

(Dkt. No. 88 at 88.) Plaintiff complains that defendant "continues to object" to this interrogatory, yet provided "a response that demonstrates the defendant understands precisely what plaintiff's request is asking." (Dkt. No. 88 at 13.) However, plaintiff does not explain, despite defendant's objections, how defendant's response is inadequate. Essentially the defendant's response answered the interrogatory affirmatively; that is, correctional officers may search a cell without another officer present when it is safe to do so. No further response is required.

The court addresses interrogatory nos. 10 - 12 together as they are related.

<u>Interrogatory No. 10</u>:  Is it routine for the unit officer to search an inmate's cell without having the inmate's personal property card?

<u>Response</u>:  Defendant objects to this request on the grounds that it is vague as to time, it is ambiguous as to the term "routine," and it calls for information that is not relevant or likely to lead to the discovery of admissible evidence.

Without waiving these objections, Defendant responds that it is within a Correctional Officer's discretion whether or not to have a property card during a cell search.

(Dkt. No 88 at 88-89.)

<u>Interrogatory No. 11</u>:  Under what circumstances would the unit officer have an inmate's personal property card?

<u>Response</u>:  Defendant objects to this request on the grounds that it is vague as to time, and it calls for information that is not relevant or likely to lead to the discovery of admissible evidence.

Without waiving these objections, Defendant responds that a Correctional Officer would have a property card during a cell search when conducting a check of serial numbers on appliances, and confirming whether specific property items belong to a specific inmate.

(Dkt. No. 88 at 89.)

<u>Interrogatory No. 12</u>:  Where are inmate's personal property cards stored?

<u>Response</u>:  Defendant objects to this request on the grounds that it is vague as to time, and it calls for information that is not relevant or likely to lead to the discovery of admissible evidence.

Without waiving these objections, Defendant responds that property cards are generally stored in the Inmate Property Room of the Receiving and Release Building at Mule Creek State Prison.

(Dkt. No. 88 at 89.)

Despite defendant's objections, defendant's responses to interrogatory nos. 10-12 were appropriate and no further responses are required.  Defendant identified circumstances in which the officer would have the property card during the search, and informed plaintiff where

7

the property cards are located.

> Interrogatory No. 13: Is it normal for correctional officers to brief (share information) each other on unusual inmate activity while changing shift between the watches?
>
> Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms "unusual inmate activity," and it calls for information that is not relevant or likely to lead to the discovery of admissible evidence.
>
> Without waiving these objections, Defendant responds that it is normal for correctional staff to relay any information that may affect the safety and security of the institution to the staff arriving to relieve them.

(Dkt. No. 88 at 89.) Despite defendant's objections, defendant answered this interrogatory. No further response is required.

> Interrogatory No. 14: If there seemingly exist a problematic inmate, would the correctional officer have a duty to pass that information on to another officer?
>
> Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms "problematic inmate" and "duty," and it calls for information that is not relevant or likely to lead to the discovery of admissible evidence.
>
> Without waiving these objections, Defendant responds that it is sound correctional practice for correctional staff to relay any information that may affect the safety and security of the institution to the staff arriving to relieve them.

(Dkt. No. 88 at 90.) Despite defendant's objections, defendant answered this interrogatory. No further response is required.

> Interrogatory No. 15: Please briefly describe what an "an [sic] needed basis" to search an inmate's cell?
>
> Response: Defendant objects to this request on the grounds that it is vague, ambiguous, unintelligible, overly broad and burdensome, and calls for information that is not relevant and not likely to lead to the discovery of admissible evidence.
>
> Based on these objections, Defendant will not respond to this request.

(Dkt. No. 88 at 90.)

1  Plaintiff contends interrogatory no. 15 is relevant based on defendant's response
2  during a September 21, 2009 interview with Correctional Sgt. V. Gamez on plaintiff's grievance
3  MCSP-A-0902012. (Dkt. No. 4 at 91.) Defendant LaRosa stated, "[w]hat I actually stated was
4  that there is no maximum or minimum number of cell searches. Cell searches can be done on a
5  random and an as needed basis." (Dkt. No. 4 at 91.)

6  Defendant renews his objection that the question is vague and overly broad, in
7  that there could be a number of reasons to search a cell, and defendant cannot provide every
8  possible reason a cell would ever be searched.

9  Although plaintiff has now identified the source of his use of the terms "as needed
10 basis" in this interrogatory, plaintiff did not ask defendant LaRosa to explain his use of the terms
11 "as needed basis" during the grievance process on September 21, 2009. Without reference to
12 defendant's prior use of these terms, defendant would be required to speculate as to what
13 information plaintiff sought. Defendant's objections are sustained, and no response is required.

<u>Interrogatory No. 16</u>: Please briefly describe what is a "random" cell search?

<u>Response</u>: Defendant objects to this request on the grounds that it is vague and ambiguous, and lacks foundation. Without waiving these objections, Defendant responds that a random cell search is a search that will not be announced to an inmate in advance of the search, and does not follow a pattern that would allow an inmate to predict that his cell would be searched at a specific time.

19 (Dkt. No. 88 at 90.) Despite defendant's objections, defendant answered this interrogatory. No
20 further response is required.

<u>Interrogatory No. 17</u>: On September 27, 2009, were you assigned to Building #1 as the unit officer?

<u>Response</u>: Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms "assigned," and it calls for information that is not relevant and not likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant LaRosa does not recall whether he worked in Building1 as a Floor Officer on September 27, 2009.

26 (Dkt. No. 88 at 90-91.)

Plaintiff contends that the term "assigned" is not vague and ambiguous, and contends that correctional officers usually keep a small handbook to record work days on and off. Plaintiff argues that this line of questioning is relevant based on plaintiff being "uprooted" from Building 1 where he had been housed for over four years without incident until submission of the two grievances set forth above. (Dkt. No. 88 at 20.)

The court agrees that the term "assigned" is not vague or ambiguous in this context. However, plaintiff fails to demonstrate the relevance of this interrogatory. As set forth above, the sole issue remaining here is whether defendant LaRosa's September 16, 2009 search of plaintiff's cell was performed in retaliation for plaintiff's August 23, 2009 grievance regarding double-celling. Plaintiff fails to explain how defendant's assignment as unit officer on September 27, 2009, after the events remaining at issue here, are relevant. Although plaintiff was moved from his cell on September 27, 2009, he fails to demonstrate how defendant's assignment as a unit officer, or not, is relevant to this remaining issue. Accordingly, plaintiff's motion to compel further response to interrogatory no. 17 is denied.

> Interrogatory No. 18:  Please name the correctional officers that were assigned to Building #1 on September, 2009, that is, unit officers and control officer?
>
> Response:  Defendant objects to this request on the grounds that it is vague as to time, vague and ambiguous as to "September 2009," and "assigned," and calls for information that is not relevant and not likely to lead to the discovery of admissible evidence.
>
> Without waiving these objections, and assuming Plaintiff is requesting Defendant LaRosa to identify the other Floor Officers and Control Officers who worked in Building 1 at Mule Creek State Prison during September of 2009, Defendant LaRosa does not know all staff who worked in Building 1 during September of 2009. Defendant LaRosa recalls that he, Officers Keenan, Grzebyk, Schiller, and Irwin worked as Floor Officers during certain shifts and days during this month, and he believes that Officer Herrera likely worked as the Control Booth Officer at some time during the month.

(Dkt. No. 88 at 91.)  Plaintiff's failure to specify a particular date in this interrogatory makes it difficult to determine whether plaintiff sought information relevant to the September 16, 2009

search, or whether plaintiff sought information relevant to the September 27, 2009 bed move that is no longer at issue here.  However, in his motion, plaintiff asks the court to compare this interrogatory with his requests for admissions 16 and 17, which requested defendant to admit or deny that Correctional Officers Crosby and Grzebyk had worked in Building #1 with defendant on September 27, 2009. (Dkt. No. 88 at 21.)  Plaintiff fails to demonstrate the relevance of the assignment of other correctional officers on September 27, 2009, to the retaliation claim remaining at issue here.  Thus, plaintiff's motion to compel a further response is denied.

> Interrogatory No. 19:  Are each of the three correctional officers (two floor officers and control officer) equally responsible for supervising and managing the building (unit)?
>
> Response:  Defendant objects to this request on the grounds that it is not relevant, and not likely to lead to the discovery of admissible evidence, it is vague and ambiguous, and it is vague as to time. Without waiving these objections, and assuming Plaintiff is asking whether any Floor Officer or Control Booth Officer had supervisory authority over any other Floor Officer or Control Booth Officer in Building 1 at Mule Creek State Prison during September 2009, Defendant responds that they did not.

(Dkt. No. 88 at 92.)

Plaintiff contends that this interrogatory seeks to establish what officer gave the directive for plaintiff to be moved from Building #1 on September 27, 2009.  Plaintiff claims that the fact that Correctional Officer Crosby was not the regularly assigned officer working Building #1 and signed the housing transfer slip for defendant to be moved from his cell, makes this question relevant.  Plaintiff claims that his being moved on September 27, 2009, is part of his retaliation claim.

As set forth above, plaintiff's bed move claims are no longer at issue here. (Dkt. No. 60 at 15, 20-21; Dkt. No. 73.)  Thus, plaintiff's motion to compel further response to interrogatory no. 19 is denied.

> Interrogatory No. 20:  Is there a senior officer assigned to each building; "senior" meaning the officer whom the other two officers defer to for management (operation) of the building?

11

> Response: Defendant objects to this request on the grounds that it is not relevant, and not likely to lead to the discovery of admissible evidence. Without waiving this objection, Defendant responds no.

(Dkt. No. 88 at 92.)

In his motion, plaintiff claims that because Correctional Officer Crosby was not the regular floor officer on September 27, 2009, this interrogatory sought what floor officer gave the directive to move plaintiff. However, the September 27, 2009 bed move is no longer at issue here. Plaintiff's motion to compel further response is denied.

> Interrogatory No. 21: Were you aware that plaintiff had been housed in Building #1 over four years before being moved to another building?
>
> Response: Defendant objects to this request on the grounds that it is not relevant, and not likely to lead to the discovery of admissible evidence. Without waiving this objection, Defendant is not aware of Plaintiff's institutional history.

(Dkt. No. 88 at 92.)

Plaintiff contends the information sought is relevant to establish the motive behind moving plaintiff from a cell and compatible cellmate. However, as set forth above, the alleged retaliatory bed moves are no longer part of this action. (Dkt. Nos. 60, 73.) Thus, plaintiff's motion to compel further response is denied.

> Interrogatory No. 22: Were you aware that plaintiff had 17-years of disciplinary free time while living in Building #1?
>
> Response: Defendant objects to this request on the grounds that it lacks foundation, and it is not relevant, and not likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant is not aware of Plaintiff's institutional history.

(Dkt. No. 88 at 92.)

Plaintiff claims that the fact that plaintiff was moved from his housing assignment after his cell was "trashed" establishes foundation, and argues that this question attempts to establish defendant LaRosa's motive in "trashing" plaintiff's cell, allegedly in retaliation. (Dkt.

12

No. 88 at 24.)  The court finds this question relevant to the issue of defendant's alleged retaliatory intent on September 16, 2009, and overrules defendant's objections.  However, defendant LaRosa answered that he is not aware of plaintiff's institutional history.  Thus, plaintiff's motion to compel further response to interrogatory no. 22 is denied.

>   Interrogatory No. 23:  Were you aware that plaintiff was moved from his cell and replaced with an inmate released from Administrative Segregation for fighting?
>
>   Response:  Defendant objects to this request on the grounds that it is not relevant, and not likely to lead to the discovery of admissible evidence.  Without waiving this objection, Defendant is not aware of Plaintiff's institutional history.

(Dkt. No. 88 at 93.)  Defendant's objections are sustained.  No further response is required.

>   Interrogatory No. 24:  Is it true that Building #1 housed many A1-A worker inmates even though it is considered an "orientation" building for new inmate arrivals entering the institution?
>
>   Response:  Defendant objects to this request on the grounds that it is not relevant, and not likely to lead to the discovery of admissible evidence.  Without waiving this objection, Defendant believes that Buildings One through Four at Mule Creek State Prison all house inmate workers.  Only Building Give does not have inmate workers because it is designated as an Enhanced Outpatient (EOP) Building.

(Dkt. No. 88 at 93.)  Defendant's objections are sustained.  No further response is required.

>   Interrogatory No. 25:  Are you willing to testify under oath to each of the above interrogatories presented herein if subpoenaed as a witness?
>
>   Response:  [no response provided]

(Dkt. No. 88 at 93.)  This is not a proper interrogatory.  Defendant LaRosa is a party to this action, not a witness, and defendant verified his interrogatory answers under penalty of perjury.  (Dkt. No. 88 at 95.)  Plaintiff's motion to compel a response is denied.

### C.  Plaintiff's Second Set of Interrogatories

Plaintiff seeks to compel further answers to his second set of interrogatories.  However, as argued by defendants, plaintiff served 25 interrogatories in his first set of

interrogatories. Rule 33(a)(1) of the Federal Rules of Civil Procedure limits a party to serve no more than 25 interrogatories on any other party, including all discrete subparts, without leave of court. Id. Plaintiff did not obtain leave of court to propound more than 25 interrogatories; accordingly, plaintiff's motion to compel further responses to the second set of interrogatories is denied.

### D. Plaintiff's Request for Production of Documents

Plaintiff moves to compel further production of documents from defendant LaRosa. The court addresses these requests seriatim.

#### 1. Request No. 1, First Request for Production of Documents

Request: Provide job description on Defendant LaRosa between August 8, 2009 to December 31, 2009. If position changed, e.g., different building or location, provide additional information.

Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "job description," and it calls for documents that are not relevant or likely to lead to discovery of admissible evidence. Without waiving these objections, Defendant provides at Attachment 1, the Duty Statement for a Correctional Officer at Mule Creek State Prison.

(Dkt. No. 81 at 2.)[2] On June 22, 2012, defendant's objections were overruled, and defendant was directed to produce the job description or statement of job duties for the building officer for plaintiff's housing unit at MCSP in effect on September 16, 2009. (Dkt. No. 85 at 4.)

On July 12, 2012, defendant provided the following supplemental response:

In response to the Court's June 22, 2012 Order on Plaintiff's Motion to Compel, requiring Defendant to produce a "statement of job duties for the building officer for Plaintiff's housing unit at MCSP in effect on September 16, 2009," Defendant has obtained the Post Orders for the Third Watch Housing, Unit 1, Floor Officer Position in effect on September 16, 2009. Defendant objects to the production of this document, however, on the grounds that it is protected by the official information privilege in that it contains information that would jeopardize institutional safety and security.

---

[2] In his motion, plaintiff separated out defendant's response to this request, referencing it as included in Set Three (dkt. no. 88 at 5), but the court addresses plaintiff's arguments here.

14

1     (See Attachment 1, Privilege Log.)
2 (Dkt. No. 91-3 at 3.)
3     A copy of the privilege log was provided, along with a declaration by the MCSP Litigation Coordinator explaining that "the Post Orders are detailed directions to staff that contain sensitive information about institutional procedures," and that "[d]isclosure of the Post Order to [plaintiff] would endanger institutional security by providing a detailed description of correctional staff movement and custodial procedure." (Dkt. No. 91-3 at 5; 6-7.) In response, plaintiff served defendant with a third request for production of documents, seeking a redacted version of the POST orders, which omitted all information except the information describing cell searches. (Dkt. No. 88 at 46.) In response to plaintiff's third request, defendant produced the redacted POST order, with the Litigation Coordinator's consent.

    In his motion, plaintiff argues that defendant continues to object to production despite the court's prior ruling, and contends that the privilege log and declaration is irrelevant. (Dkt. No. 88 at 3-4.) Plaintiff contends he was attempting to obtain a job duties statement, as evidenced by his initial request, and that he did not specifically seek the POST order.

    Defendant contends that "defendant left all information that pertained to cell searches for plaintiff to review." (Dkt. No. 91 at 6.) Defendant argues that the redacted portions contain information that could imperil prison security, but which are not relevant to plaintiff's remaining claim. (<u>Id.</u> at 7.) Plaintiff did not address this issue in his reply.

    Plaintiff failed to demonstrate why additional disclosure of information on the POST order is necessary to prosecute this action, particularly where defendant did not redact information related to cell searches, which is the sole issue remaining in this action. Defendant properly provided a privilege log and a declaration by the litigation coordinator explaining why the documents posed a security risk. Plaintiff alleges no facts or argument to support further production of the POST order. Moreover, although plaintiff contends he sought a list of defendant's job duties, given the limited claim remaining in this action, plaintiff failed to

15

demonstrate why any undisclosed additional job duties are relevant.  Plaintiff was provided the duties related to cell searches, which is the sole issue remaining.  Accordingly, plaintiff's motion to compel further response to request for production no. 1 is denied.

2. Request No. 1, Second Request for Production of Documents

Plaintiff seeks to compel further response to the first request in plaintiff's second request for production of documents.

> Request:  Cell search records of August, 2009 to September, 2009 period from Building #1, 2nd and 3rd Watches, which shows what cells and number of cells searched.
>
> Response:  Defendant objects to this request on the grounds that it is overly broad and burdensome, it is vague as to the term "cell search records," and "which shows what number of cells searched," and it calls for information that is not relevant and not likely to lead to the discovery of admissible evidence.  Without waiving these objections, Defendant produces as Attachment 1 all documents in Defendants' possession, custody, and control that record searches of Plaintiff's cell or searches of cell 140 of Building 1 of Mule Creek State Prison.

(Dkt. No. 88 at 57-58.)

Plaintiff argues that he sought cell search records of August 2009, to September 2009, from Building #1, second and third watches, on the number of cells searched specifically for the purpose of discovering what disparities, if any, in how frequent plaintiff's cell was searched, and the amount of items confiscated in comparison to other inmates' cells during that period.  Also, plaintiff contends that the time frame of the cell searches could possibly demonstrate not only animus, but that the search was conducted during the same period that plaintiff filed inmate grievances/appeals against Building #1 officers.

Further, plaintiff points out that defendant only provided the "Standard Cell Search" records of plaintiff and his previous MCSP cellmates that went beyond the time frame in question from August 8, 2009, to August 29, 2010, totaling fourteen cell search clips.  (Dkt. No. 88 at 5.)  While plaintiff concedes that he can use this information, he contends that defendant failed to provide the "Standard Cell Search" sheets from other inmates in Building #1 during

September, 2009, which he seeks to show a likelihood of retaliatory conduct by defendant LaRosa. Moreover, plaintiff contends it would have been easier for defendant to copy the "Cell Search Log" and "Standard Cell Search" records contained in probably two binders for August and September 2009, than it was to comb through several binders to disclose the limited responses provided.

Defendant contends that the request is unclear as to whether plaintiff was seeking documents that identify just the list of cells searched, or if he is seeking any document that pertains to a cell search in Building 1. Defendant argues that because Building 1 contains 300 cells, and a minimum of six cell searches of these cells are conducted daily, sixty days' worth of these records would consist of hundreds of documents, many of which would contain personal information about other inmates and searches by non-defendant correctional officers. Defendant contends that the cell search records produced to plaintiff for cell 140 provide plaintiff the ability to draw comparisons of the searches because defendant produced documents showing searches of plaintiff's cell, both before and after plaintiff filed the grievance at issue, as well as all searches of cell 140 for plaintiff and other inmates housed therein, for the same time frame.

The court finds that defendant's response to this request is too narrow. Indeed, although defendant produced records for cell 140 for the time period August 8, 2009, to August 29, 2010, defendant produced only 14 cell search slips. Because plaintiff's challenge to the September 16, 2009 cell search addresses the frequency of the search, as well as the breadth or manner in which the cell was searched, plaintiff may discover other cell search records for a reasonable time period in an effort to demonstrate defendant's alleged retaliatory intent, or the alleged improper nature of the search. Plaintiff limited his request in time to August and September of 2009, as well as to the second and third watches, for only Building 1. In the context of this case, plaintiff's use of the terms "cell search records" includes documents containing a list of items confiscated such that plaintiff can draw a comparison to the search at issue here. Accordingly, defendant is directed to provide, within thirty days, copies of the cell

search records for every cell in Building 1, searched from August 1, 2009, to September 30, 2009, unless previously produced for cell 140. Defendant may redact the names of inmates other than plaintiff, and may redact the names of correctional officers other than defendant. Thus, plaintiff's motion to compel a further response to request no. 1, second request for production of documents, is granted.

      E.  <u>Defendants' Motion for Summary Judgment</u>

In light of this order granting additional discovery, defendant's December 20, 2012 motion for summary judgment is denied without prejudice to its renewal.

      F.  <u>Revised Scheduling Order</u>

Aside from the instant order, discovery remains closed. Dispositive motions shall be filed on or before May 8, 2013, but may not be filed before March 18, 2013, to allow time for production and receipt of the discovery contemplated by this order.

      G.  <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery (dkt. no. 88) is granted in part; within thirty days, defendant shall provide plaintiff with a further response to request no. 1, second request for production of documents, as set forth above. In all other respects, plaintiff's motion to compel discovery is denied;

2. Defendant's December 20, 2012 motion (dkt. no. 94) is denied without prejudice; and

3. All pretrial motions, except motions to compel discovery, shall be filed on or before May 8, 2013, but may not be filed before March 18, 2013. Motions shall be briefed in accordance with paragraph 8 of this court's order filed November 10, 2010.

DATED: January 16, 2013

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

dixo1441.mtc