IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

    Plaintiff,                              No. 2:10-cv-1441 GEB KJN P

    vs.

S. LAROSA,

    Defendant.                           ORDER

_____/

I. Introduction

       Plaintiff is a state prisoner, proceeding without counsel. This action proceeds solely on plaintiff's claim that defendant LaRosa conducted a cell search on September 16, 2009, allegedly in retaliation for plaintiff filing grievance MCSP-09-01626, in violation of plaintiff's First Amendment rights. (ECF No. 73.)

       On January 17, 2013, defendant was directed to provide plaintiff with copies of the cell search records for every cell in Building 1, searched from August 1, 2009, to September 30, 2009, unless previously produced for plaintiff's cell 140. (ECF No. 96.)

       By order filed March 14, 2013, the court reviewed defendant's response to the court's January 17, 2013 order. Defendant stated that prison officials had purged cell search records from 2009, but that an additional search turned up records from 2007 and 2008 which were

1

slated for disposal but had not yet been purged, and that defendant has access to cell search records from March 2012 to the present, in the event the court ordered defendant to produce those records in lieu of the 2009 records.  The court directed counsel to retain the 2008 records in the event plaintiff sought to discover the 2008 records rather than the 2012 records, and granted plaintiff until April 8, 2013, in which to reply to defendant's opposition.  On April 11, 2013, plaintiff was granted an additional 45 days in which to file a reply to defendant's opposition.  On June 3, 2013, rather than file a reply to defendant's opposition, plaintiff filed a motion for sanctions against defendant LaRosa based on his alleged failure to produce cell search records from 2009.  For the reasons set forth below, plaintiff's motion for sanction is denied.

II. <u>Motion for Sanctions</u>

Plaintiff seeks evidentiary and monetary sanctions against defendant, based on his alleged individual involvement, or with his counsel's aid, in failing to produce the cell search records from 2009.  (ECF No. 105.)  While not entirely clear, it appears that plaintiff contends that because defendant produced the cell search records from the 2009 cell search of plaintiff's cell at issue here, which had to be taken from the same binders that contained cell search records for other inmates from that same time period, means that defendant's inability to now locate the other 2009 cell search records should "be treated as destruction of evidence since nonproduction leaves the same result." (ECF No. 105 at 8.)  Specifically, plaintiff asks that the court find that the 2009 cell search records would reflect that the searches of other inmates' cells would demonstrate that routine searches resulted in the confiscation of a minimum number of items as compared to the "excessive amount of items" removed from plaintiff's cell, and that other inmates were allowed to retain their white plastic bucket and cleaning supplies, while similar items were removed during plaintiff's cell search.

Defendant argues that it is unclear whether plaintiff contends that defendant and counsel misrepresented that the 2009 documents were purged, or whether he claims they are responsible for spoliation of the records, but that in any event both assertions are false.  Defendant contends

that defendant and counsel were not responsible for the documents' destruction. Furthermore, defendant argues he was not put on notice of the pending litigation until after the retention period for the 2009 records expired. Upon receiving notice of the litigation, defense counsel issued a litigation hold, which resulted in the cell search records for plaintiff's cell being retained for production to plaintiff. Defendant contends that a reasonable person would not have expected that cell search records for all inmates in Building I would have been material to plaintiff's claim concerning the September 16, 2009 search. Finally, defendant offered similar, substitute records in a good faith effort to respond to the court's order. Defendant argues that rather than responding to such offer, plaintiff delayed these proceedings by almost three months before bringing his motion for sanctions rather than reply to defendant's opposition.

Federal courts have broad powers to impose sanctions against parties or counsel for improper conduct in litigation. Rule 11(b) of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

////

////

Fed. R. Civ. P. 11(b). Rule 11 imposes an objective standard of reasonableness, which applies to pro se litigants. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 892 F.2d 802, 811 (9th Cir. 1989).

Further, the Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980). This includes the "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983).

In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988) (citations omitted)). However, "disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994). The party facing sanctions has the burden of establishing its failure was harmless. Yeti by Molly Ltd., v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

Here, defendant adduced evidence that the 2009 records were purged pursuant to the prison's one year retention policy (ECF No. 98-1 at 2), and defense counsel notes that defendant did not receive notice of the instant litigation until after the one year period expired. The instant action was filed on June 11, 2010. Defendant waived service of process on January 14, 2011, and on January 18, 2011, defense counsel issued a litigation hold letter to the litigation coordinator at Mule Creek State Prison explaining that the prison must maintain records relevant to this lawsuit. (ECF Nos. 1, 106 at 6.) Thus, defendant adduced evidence demonstrating that the destruction of these records were outside the control of defendant or defense counsel. Plaintiff alleged no facts, and submitted no evidence, to the contrary.

      Moreover, defendant's good faith is demonstrated by counsel's offer to produce records from 2008, which were discovered during the search for the 2009 cell search records, or, in the alternative, to produce cell search records from March 2012 to the present. Plaintiff did not accept either offer, but instead filed the instant motion for sanctions.

      Therefore, the Court fails to find conduct that is "due to willfulness, bad faith, or fault of the party," to justify the imposition of sanctions in this instance. Fair Housing of Marin, 285 F.3d at 905. Thus, plaintiff's motion for the imposition of sanctions is denied.

III. Production of 2008 Cell Search Records

      The Court has considered whether to sua sponte order defendant to produce the cell search records for Building 1 from 2008 in lieu of the records from 2009. After review of the record, the court declines to do so at this time, based on the following.

      First, plaintiff failed to file a reply to defendant's opposition choosing to receive either the 2008 or 2012 cell search records in lieu of the 2009 records. Indeed, the court granted plaintiff two extensions of time in which to file his reply (ECF Nos. 101, 104), yet plaintiff failed to do so. Plaintiff could have filed both a reply and the motion for sanctions.

      Second, defendant previously provided plaintiff with the "Standard Cell Search" records of plaintiff and his previous Mule Creek State Prison cellmates from August 8, 2009, to August 29, 2010, totaling fourteen cell search slips. (ECF No. 88 at 5.) Plaintiff earlier conceded that he could use this information to show a likelihood of retaliatory conduct by defendant. (Id.)

      Third, this action has been pending for over three years. On December 23, 2011, plaintiff's numerous claims against eleven defendants were reduced to the instant claim against defendant LaRosa. The Court issued its first discovery and scheduling order on January 5, 2012, which was extended on June 22, 2012. On January 17, 2013, defendant's first motion for summary judgment was denied without prejudice, and the scheduling order was again revised. (ECF No. 96.) On April 16, 2013, the court again revised the scheduling order in light of plaintiff's multiple requests for extensions of time to file his reply concerning the production of

1   the cell search records.  On July 3, 2013, pursuant to the last scheduling order, defendant filed his
2   second motion for summary judgment.  (ECF No. 108.)  Thus, the court has been very liberal in
3   granting plaintiff time in which to prosecute this action.  However, given these delays, the Court
4   does not find good cause to further extend the scheduling order.
5           Fourth, in his motion for summary judgment, defendant contends that he was unaware of
6   plaintiff's protected activity on September 16, 2009, when he searched plaintiff's cell.
7           "[A] viable claim of First Amendment retaliation entails five basic elements:  (1) An
8   assertion that a state actor took some adverse action against an inmate (2) because of (3) that
9   prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
10  Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
11  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).
12          Thus, as argued by defendant, plaintiff must demonstrate, in his opposition to the motion,
13  that defendant LaRosa searched plaintiff's cell on September 16, 2009, because plaintiff filed
14  grievance MCSP-09-01626.  If plaintiff cannot adduce evidence demonstrating that defendant
15  LaRosa had knowledge of such grievance, defendant LaRosa is entitled to summary judgment.
16  Because the pending motion for summary judgment does not turn on the cell search records from
17  cell searches conducted on other cells in Building 1, the court will not sua sponte order defendant
18  to produce the cell search records from 2008 or 2012 to the present at this time.
19          For these four reasons, the court declines to sua sponte order defendant to produce to
20  plaintiff the 2008 cell search records at this time.  However, the court directs defendant and his
21  counsel to retain the 2008 cell search records in the event defendant's motion for summary
22  judgment is denied.
23  IV.  Defendant's Pending Motion
24          Finally, the court notes that plaintiff's opposition to the motion for summary judgment is
25  due on July 24, 2013.  Because plaintiff's motion for sanctions was pending at the time
26  defendant's motion was filed, plaintiff is granted until August 19, 2013, to file an opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 3, 2013 motion for sanctions (ECF No. 105) is denied;

2. Counsel for defendant is requested to inform the litigation coordinator for Mule Creek State Prison to retain the 2008 cell search records pending further order of this court; and

3. Plaintiff shall file an opposition to defendant's July 3, 2013 motion for summary judgment on or before August 19, 2013. The court is disinclined to grant any further extensions.

DATED: July 9, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dixo1441.san