UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STEVEN DIXON., | No. 10-cv-01441 TLN-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| S LAROSA, et al., | |
| Defendants. | |

Plaintiff, Daniel Steven Dixon ("Plaintiff") moves the court to reconsider the Magistrate Judge's order denying Plaintiff's motion for sanctions. (ECF 113.) Defendant LaRosa ("Defendant") opposes the motion. (ECF 117.) For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

On June 03, 2013, Plaintiff moved for an order sanctioning Defendant for failure to produce cell search records for the calendar year 2009. (ECF 105.) On July 10, 2013, the Magistrate Judge assigned to this case issued an order denying Plaintiff's motion. (ECF 110.) The court held that defendants "adduced evidence that the destruction of these records were outside the control of defendant or defense counsel" and "Plaintiff has alleged no facts and submitted no evidence to the contrary." (Id. at 4:24-16.) Moreover, the Magistrate Judge held

1

1    that defendants did not act in bad faith,[1] but rather acted in good faith by offering to produce
2    records for the calendar year 2008, which were discovered during the search for the 2009 cell
3    search records.[2]  (Id. at 5:1-3.)
4         Defendants seeks relief from the Magistrate Judge's order denying his motion for
5    sanctions on the grounds that, prior to issuing its order, the court did not consider Plaintiff's reply
6    to Defendant's opposition to Plaintiff's motion, which Plaintiff filed the same day the court issued
7    its order.  Plaintiff states that, in his reply, he argued that defendant grossly misstated that "he
8    made an offer to produce the 2008 cell search records."  (ECF 113 at 9:26-9:1.)
9         Local Rule 303(c) provides that a party may seek reconsideration of a magistrate judge's
10   order by a district judge.  Federal Rule of Civil Procedure 72(a) provides that a party may serve
11   objections to a magistrate judge's order and "[t]he district court in the case must consider timely
12   objections and modify or set aside any part of the order that is clearly erroneous or contrary to
13   law."  Local Rule 230(j) further requires that a party seeking reconsideration of a court order
14   demonstrate "new or different facts or circumstances claimed to exist which did not exist or were
15   not shown upon such prior motion, or what other grounds exist for the motion."
16        Here, because Plaintiff has not shown any new facts or different circumstances that did
17   not exist at the time Plaintiff filed his motion, Plaintiff's request for reconsideration is denied.
18   First, the court finds unavailing Plaintiff's contention that the Magistrate Judge erred by not
19   considering Plaintiff's reply before issuing the order denying sanctions.  Local Rule 230(l)
20   requires that, in prisoner actions, the moving party file a reply within seven days after service of
21   the opposition.  In this case, the opposition was served on June 25, 2013, and Plaintiff filed his
22   reply on June 10, 2013, eight days past the July 2, 2013 deadline.  Moreover, and more

---

[1] As the Magistrate Judge noted, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.)

[2] The court also declined to sua sponte require defendant and counsel defendant to produce plaintiff 2008 cell records because: (1) Plaintiff failed to file a reply to defendant's opposition to summary judgment; (2) defendant provided plaintiff with standard cell search records; and (3) this action had been pending for three years and the court had been extremely liberal with discovery deadlines.

importantly, after a scrupulous review of both the motion for sanctions and the reply, this Court finds that Plaintiff presented no new facts or evidence in his reply that were absent from his motion. As such, Plaintiff's entire premise that failure to consider his reply was error is inherently flawed.

    Based on the foregoing, the court finds that: (1) the Magistrate Judge's discretionary decision to deny Plaintiff's request for sanctions was neither clearly erroneous nor contrary to law, and (2) Plaintiff has not adduced any new facts or evidence that were unavailable at the time he filed his motion. As such, Plaintiff's request for consideration of the Magistrate Judge's order denying Plaintiff's motion for sanctions is DENIED.

Dated: March 14, 2014

                                          Troy L. Nunley
                                          United States District Judge